1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY LEE BURGOON,

11              Petitioner,                No. CIV S-09-2712 DAD P

12        vs.

13   J. HAVILAND,                          ORDER AND

14              Respondent.                FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges the July 20, 2006 decision of

18   the California Board of Parole Hearings finding him unsuitable for release on parole.  Before the

19   court is respondent's motion to dismiss the petition as untimely.  Petitioner has filed an

20   opposition to the motion.

21                        **PROCEDURAL BACKGROUND**

22              On March 22, 2006, the California Board of Parole Hearings (hereinafter

23   "Board") conducted a subsequent parole consideration hearing to determine petitioner's

24   suitability for parole.  (Mot. to Dismiss (Doc. No. 7), Ex. 1 at 1.)  On July 20, 2006, the Board's

25   decision denying parole became final.  (Id., Ex. 1 at 84.)

26   /////

1

1    On December 12, 2006, petitioner signed a petition for writ of habeas corpus and

2 filed it on December 19, 2006, with the Orange County Superior Court.  (Id., Ex. 2.)  On

3 November 19, 2007, that habeas petition was denied on the merits in a reasoned order.  (Id., Ex.

4 3.)  On July 3, 2008, petitioner filed a habeas petition with the California Court of Appeal for the,

5 Fourth Appellate District.  (Id., Ex. 4.)  On July 24, 2008, the petition was denied.  (Id.)  On

6 October 9, 2008, petitioner filed a habeas petition with the California Supreme Court.  (Id., Ex.

7 5.)  On April 15, 2009, the petition was denied.  (Id.)

8    On September 25, 2009, petitioner signed his federal habeas petition now pending

9 before this court.  (Doc. No. 1.)  The petition was filed with this court on September 28, 2009.

10    **THE ARGUMENTS OF THE PARTIES**

11    Respondent moves to dismiss the pending federal petition, arguing that it is

12 untimely because of petitioner's delay in seeking habeas relief in both the state courts and before

13 this court.  Specifically, respondent argues that petitioner is not entitled to statutory tolling of the

14 applicable one-year statute of limitations for the filing of a federal habeas petition during the

15 following gaps of time:  (1) the four months following the date the Board's decision to deny

16 parole became final and the filing of petitioner's first state habeas petition; (2) the eight month

17 period following the Orange County Superior Court's denial of petitioner's first state habeas

18 petition and his filing of the habeas petition with the California Court of Appeal; and (3) the five

19 month period following the denial of his habeas petition by the California Supreme Court and the

20 filing of his federal habeas petition.  According to respondent, those gap periods during which

21 petitioner was not entitled to statutory tolling of the one-year statute of limitations total almost

22 eighteen months.  Therefore, respondent contends in summary fashion, petitioner's federal

23 habeas petition was filed approximately six months after the statute of limitations for doing so

24 had expired.

25    Petitioner opposes the motion to dismiss, asserting that his state habeas petitions

26 were properly filed within a reasonable period of time and with all due diligence.  With respect to

his diligence, petitioner states that his habeas petition filed in the Orange County Superior Court was prepared on his behalf by a jailhouse lawyer, that his petition filed in the California Court of Appeal was prepared by a State Public Defender, and that his habeas petition to the California Supreme Court was also prepared by a jailhouse lawyer. Petitioner notes that the longest delay between petitions filed in state court was following the Superior Court's denial of relief. However, petitioner argues that during that period the State Public Defender was working on the petition for filing with the California Court of Appeal and he had "absolutely no control" over the attorney. (Opp'n at 3.) Finally, petitioner argues that he is entitled to statutory tolling of the applicable limitations period for one complete round of review in state court which covers the period from the date the parole decision became final to the date the California Supreme Court filed its decision denying habeas relief. Petitioner argues that under this calculation his federal habeas petition was timely filed.

### STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

3

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D): the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003).  "Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole."  Wilson v. Sisto, No. Civ. S-07-0733 MCE EFB P, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, No. 1:08-cv-00114 OWW SMS HC, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)).  See also Stotts v. Sisto, No. CIV. S-08-1178-MCE-CMK P, 2009 WL 2591029, at *4 (E.D. Cal. Aug. 20, 2009); Van Houton v. Davison, No. CV 07-05256 AG (AN), 2009 WL 811596, at *9 (C.D. Cal. March 26, 2009); Woods v. Salazar, No. CV 07-7197 GW (CW), 2009 WL 2246237, at *5 & n.9 (C.D. Cal. Mar. 23, 2009) (citing cases); Perez v. Sisto, No. Civ. S-07-0544 LKK DAD P, 2007 WL 3046006, at *4 (E.D. Cal. Oct.18, 2007); Cal. Code Regs., tit. 15, § 2041(h) (Board decisions are final 120 days after the hearing); Cal. Penal Code § 3041(b) (same).  Contra McGuire v. Mendoza-Powers, No. 1:07-CV-00086 OWW GSA HC, 2008 WL 1704089, at *10 (E.D. Cal. April 10, 2008) (deeming factual predicate to have been discovered on the date of the Board decision).  Following the majority of district courts to have considered this issue, and in keeping with respondent's position here, the undersigned concludes that the factual predicate of petitioner's claims was "discovered" when the Board's decision denying petitioner parole became final on July 20, 2006.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). A state court application for post-conviction relief is "pending" during the entire time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A petition is not "pending" during an unreasonable delay between state court applications. Carey v. Saffold, 536 U.S. 214, 225 (2002).

In California, a prisoner seeking collateral review must file a habeas petition within a reasonable time. Saffold, 536 U.S. at 222-23. However, there has never been an explanation from the California Supreme Court as to the meaning of "reasonable time" in this context. See Chaffer v. Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010). The United States Supreme Court has now held that federal courts must "examine the delay in each case and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 198 (2006). Thus, if the state court does not explicitly deny a post-conviction application as untimely[1], the federal court must independently determine whether there was unreasonable delay between state court applications that would render the federal application for habeas relief untimely. Saffold, 536 U.S. at 226-27.[2]

---

[1] When a state habeas petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 , 414 (2005)); see also Carey, 536 U.S. at 226.

[2] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." Chavis, 546 U.S. at 199. In Bonner v. Carey, the Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA a statute purportedly designed to streamline and simplify the complicated habeas process. 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue. See Thomas v. Scribner, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, *6, n.14 (E.D. Cal. Sept. 21, 2006). All the while it becomes more and more clear that the most streamlined way to

**ANALYSIS**

Petitioner seeks statutory tolling of the applicable one-year statute of limitations for the entire period from the date the Board's decision became final (July 20, 2006) until the California Supreme Court denied him habeas relief on April 15, 2009.  Petitioner's claim in this regard is unsupported and unpersuasive.  As noted above, the AEDPA statute of limitations is not subject to tolling for the period from the date the Board's decision became final until a petitioner's first state habeas petition attacking that decision is filed because "there is no case 'pending' during that interval."  Nino, 183 F.3d at 1006.  Thus, in this case the statute of limitations for the filing of a federal habeas petition began to run on the day after the parole decision became final (July 21, 2006) and continued to run until petitioner filed his first state habeas petition with the Orange County Superior Court  on December 12, 2006.  Thus, the statute of limitations ran for 144 days or for approximately 4-1/2 months.

It also cannot be disputed that the statute of limitations ran once again following the California Supreme Court's decision denying petitioner habeas relief.  Thus, the statute of limitations in this case ran another 162 days from the date of that decision on April 16, 2009 to September 25, 2009, when petitioner signed his federal habeas petition for filing.  Between these two periods that are undisputedly not subject to statutory tolling, 306 days of the one-year statute of limitations had expired.

A critical question for purposes of resolving the pending motion to dismiss is whether petitioner is entitled to statutory tolling for the entire period of time between the Orange County Superior Court's denial of habeas relief and the filing of his next state habeas petition with the California Court of Appeals.  That period spanned 226 days, or approximately seven and

resolve the vast majority of federal habeas petitions would be to address them on the merits merits.  Indeed, the reason that the meaning of "reasonable time" remains unaddressed under California law is because the California Court of Appeals and California Supreme Court elect to address the merits in resolving the habeas petitions which come before those courts instead of being side-tracked into analysis of whether any delay in bringing them was reasonable.

1   a half months[3].  If this interval of time between the ruling on one petition and the filing of the

2   next in state court is not properly subject to statutory tolling, petitioner's federal habeas petition

3   pending before this court would be rendered untimely.

4             Under California's unusual system of independent
      collateral review, a prisoner seeks review of a lower court's denial
5     of relief by filing an original petition for habeas corpus in the
      reviewing court.  Chavis, 546 U.S. at 192-93; Waldrip, 548 F.3d at
6     734.  The period between a California lower court's denial of
      review and the filing of an original petition in a higher court is
7     tolled-because it is part of a single round of habeas relief - so long
      as the filing is timely under California law.  Chavis, 546 U.S. at
8     191-93; Waldrip, 548 F.3d at 734.

9   Banjo v. Ayers, ___F.3d___, ___, 2010 WL 2403751, at *2 (9th Cir. June 17, 2010).

10            In Evans v. Chavis, the Supreme Court considered whether a three-year interval

11  between the California Court of Appeal's denial of habeas relief and the filing of a habeas

12  petition with the California Supreme Court was reasonable under California law.  The Supreme

13  Court concluded that in "viewing every disputed issue most favorably to Chavis, there remains a

14  totally unexplained, hence unjustified, delay of at least six months."  546 U.S. at 201.   In that

15  context, the Supreme Court stated as follows:

16            Six months is far longer than the "short period[s] of time," 30 to 60
      days, that most States provide for filing an appeal to the state
17    supreme court.  Saffold, supra, at 219, 122 S. Ct. 2134.  It is far
      longer than the 10-day period California gives a losing party to file
18    a notice of appeal in the California Supreme Court, see Cal. App.
      Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting,
19    nor found any convincing reason to believe, that California would
      consider an unjustified or unexplained 6-month filing delay
20    "reasonable."  Nor do we see how an unexplained delay of this
      magnitude could fall within the scope of the federal statutory word
21    "pending" as interpreted in Saffold.

22

23        [3]  Neither party has provided this court with a copy of the habeas petition filed by
    petitioner with the California Court of Appeal.  Therefore the court has not been able to
24  determine the date that petition was filed by applying the mailbox rule announced in Houston v.
    Lack, 487 U.S. 266, 276 (1988).  However, even if the mailbox rule was applied and petitioner
25  delivered the petition to prison officials for mailing a few days, or even a month, before the
    petition was received by the court, petitioner's federal habeas petition would still be untimely
26  because of the lengthy five-month delay between the California Supreme Court's decision and
    the filing of the federal habeas petition with this court.

1    Id.

2          Thus, "Evans made clear that an unexplained delay of six months between the

3    denial of one California state court and a new filing in a higher California court was too long to

4    permit tolling of the federal limitations period on the ground that state court proceedings were

5    'pending.'"  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (concluding that an unexplained

6    delay of eight months during interval between a lower court's denial of relief and the filing of a

7    notice of appeal could not be reasonable under state law).  See also Chaffer, 592 F.3d at 1048

8    (unexplained delays of 101 and 115 days between denial of relief in lower court in filing of

9    petition in next highest court found to be not subject to statutory tolling).  However, "whether an

10   unexcused delay, of greater than 30 to 60 days . . . in filing a California state habeas petition

11   would be considered 'reasonable' by the California court has been left to the lower federal courts

12   to determine on habeas review."  Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL

13   1514700 at *5 (C.D. Cal. May 27, 2009).[4]

14         In this case, the delay between state petitions was greater than six months, 226

15   days to be exact.  Therefore, the court must consider whether petitioner has provided a sufficient

16   explanation to justify tolling of the statute of limitations.  Petitioner explains that the delay was

17   unavoidable because he had no control over the attorney who was preparing the habeas petition

18   for submission to the California Court of Appeal.  This is made difficult by the fact that there are

19   no standards for determining what factors provide a sufficient justification for a delay in filing

20   for habeas relief at each rung up the ladder of state courts.  See Jordan v. Horel, No. EDCV 08-

21   00490-MMM (MAN), 2009 WL 3712716, at *4 (C.D. Cal. Oct. 30, 2009) (noting that although a

22

23         [4] One district court has determined that the following two-step analysis should be used to
     determine if a California petition is timely filed and entitled to gap tolling: "First, when the delay
24   is between sixty days and six months, the court should ask whether an unexcused delay of the
     given duration is reasonable under California law.  Second, if the court concludes that the delay
25   is unreasonable, then the federal court must go on to decide whether the petitioner has a good
     excuse for the delay."  Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867
26   at *6 (C.D. Cal. Oct. 30, 2008).  See also Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009
     WL 1514700 at *5 (C.D. Cal. May 27, 2009).

1    habeas petitioner in California must justify a significant or substantial delay, "[t]here are no

2    standards for determining what period of time or factors constitute 'substantial delay' in

3    noncapital cases," and "[t]here also are no standards for determining what factors justify any

4    particular length of delay.") (quoting King v. Lamarque, 455 F.3d 1040, 1043 (9th Cir. 2006)).

5            Nevertheless, the Ninth Circuit has held that a petitioner is not entitled to statutory

6    tolling "absent sufficient justification [for his substantial filing delay] based on unique facts

7    pertaining to the individual petitioner. . . ." Waldrip, 548 F.3d at 731.  In that same case the

8    court rejected claims of attorney's negligence, miscalculation of the statute of limitations, or

9    heavy workload as providing a sufficient explanation for an eight-month interval delay.  Waldrip,

10   548 F.3d at 736-37; see also Reyes v. Small, No. CV 09-00669 RGK (RZ), 2009 WL 5113756, at

11   *5 (C.D. Cal. Dec. 18, 2009) (no statutory tolling where the only reason for delay was that

12   petitioner's attorney was unable to devote the necessary time to petitioner's case because of work

13   on other cases, and where state petition contained only one new claim which was presented in

14   brief form); Thompson v. Tilton, No. CV 07-04742-GHK (VBK), 2009 WL 596605, at *8 (C.D.

15   Cal. March 6, 2009) (holding that "an appellate counsel's mistake or negligence regarding habeas

16   corpus statute of limitations does not warrant equitable tolling and has not been grounds to find

17   interval tolling[;]" in addition, "[a]n interval of nine months for an attorney to prepare a habeas

18   petition which addresses a lower court's decision following an evidentiary hearing is not

19   reasonable."). But see Moore v. Clark, No. CIV S-07-0423 LKK EFB P, 2008 WL 449706, at *3

20   (E.D. Cal. Feb. 15, 2008) (applying statutory tolling for six-month delay where petitioner was

21   seeking transcripts from an evidentiary hearing and counsel needed time to review, research, and

22   prepare a new petition).

23           Here, petitioner argues that the seven-and-a-half month delay between the

24   Superior Court's denial of habeas relief and the filing of his petition with the California Court of

25   Appeal should be subject to statutory tolling solely because he had no control over how long his

26   State Public Defender took to prepare and file the petition.  Under the Ninth Circuit's decision in

1  _Waldrip_ this is an insufficient explanation for the 7-1/2 month delay and this court is therefore

2  precluded from finding that period subject to statutory tolling.

3  Although petitioner opposes the pending motion to dismiss primarily on the

4  ground that he had no control over how long his State Public Defender took to file his habeas

5  petition with the California Court of Appeal, he also mentions obstacles to his seeking habeas

6  relief such as prison lockdowns and the fact that his work assignment prevented access to the law

7  library.  To the extent that these references could be construed as an argument that the statute of

8  limitations should be subject to equitable tolling, the court finds them unpersuasive.

9  In order to be entitled to equitable tolling, a petitioner has the burden of

10  establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

11  circumstance stood in his way.  _Pace v. DiGuglielmo_, 544 U.S. 408, 418 (2005).  The Ninth

12  Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical

13  rules which might otherwise prevent a good faith litigant from having a day in court."  _Harris v._

14  _Carter_, 515 F.3d 1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA

15  statute of limitations will be unavailable in most cases.  _See_ _Corjasso v. Ayers_, 278 F.3d 874, 877

16  (9th Cir. 2002); _Miles v. Prunty_, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas

17  petitioner seeking equitable tolling must show that the extraordinary circumstances alleged were

18  the "but for" and proximate cause of the untimely filing of his federal habeas petition.  _Bryant v._

19  _Ariz. Atty. Gen._, 499 F.3d 1056, 1061 (9th Cir. 2007); _Allen v. Lewis_, 255 F.3d 798, 800-01 (9th

20  Cir. 2001).   Here, petitioner has not presented any evidence that he was pursuing his rights

21  diligently.

22  Moreover, an attorney's negligence, miscalculation of the AEDPA statute of

23  limitations and heavy workload have been rejected as sufficient grounds for equitable tolling.

24  _See_ _Lawrence v. Florida_, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not

25  sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners

26  have no constitutional right to counsel [citation]."); _Stillman v. LaMarque_, 319 F.3d 1199, 1203

1   (9th Cir. 2003) ("[R]outine instances of attorney negligence do not constitute an 'extraordinary

2   circumstance' that requires equitable tolling.") Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.

3   2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and

4   negligence in general do not constitute extraordinary circumstances sufficient to warrant

5   equitable tolling); see also Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cor. 2007) (denying

6   equitable tolling for a prisoner whose lawyer was "overburdened by a busy docket").

7           Finally, lockdowns and resulting restricted access to the prison law library are not,

8   by themselves, extraordinary circumstances for prisoners.  See e.g. Frye, 273 F.3d at 1146 (lack

9   of access to library material does not automatically qualify as grounds for equitable tolling);

10  Rosati v. Kernan, 417 F. Supp.2d 1128, 1132 (C.D. Cal. 2006) ([P]etitioner's complaints about

11  limited access to the law library and legal materials at various state prisons and occasional prison

12  lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection

13  between these events and his failure to timely file his habeas corpus petition.); United States v.

14  Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal.1997) (absent evidence of petitioner's diligence,

15  lockdowns at prison allegedly eliminating access to law library were not extraordinary

16  circumstances warranting equitable tolling); see also Corrigan v. Barbery, 371 F. Supp.2d 325,

17  330 (W.D.N.Y. 2005) (In general, the difficulties attendant on prison life such as transfers

18  between facilities, solitary confinement, lockdowns, restricted access to the law library, and an

19  inability to secure court documents, do not by themselves qualify as extraordinary

20  circumstances.).

21          Here, petitioner has failed to explain how any lockdowns or limited access to the

22  prison law library constituted extraordinary circumstances that prevented him from timely filing

23  his habeas petitions, particularly since they were being prepared by jailhouse lawyers or

24  counsel.  Accordingly, he is not entitled to equitable tolling of the AEDPA statute of limitations.

25  /////

26  /////

**CONCLUSION**

1  For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the

2  Court is directed to randomly assign this case to a District Judge.

3  In addition, IT IS HEREBY RECOMMENDED that:

4  1. Respondent's January 11, 2010 motion to dismiss the habeas petition as

5  untimely (Doc. No. 7) be granted; and

6  2. This action be closed.

7  These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

9  one days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within fourteen days after service of the objections.  The parties are

13  advised that failure to file objections within the specified time may waive the right to appeal the

14  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
burg2712.mtd

12